UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2059** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "T"(4)** |

## ORDER AND REASONS

Plaintiff, Baron Johnson, is a prisoner incarcerated in the Jefferson Parish Correctional Center. Johnson filed a complaint pursuant to 42 U.S.C. § 1983 against the defendants, the State of Louisiana, Jefferson Parish Sheriff Joseph Lapinto, the Jefferson Parish Sheriff's Office, the Jefferson Parish Correctional Center, the 24th Judicial District Courthouse, and Jefferson Parish Dsitrict Attorney Paul D. Connick, Jr., alleging that he was arrested on false charges, the arresting officers used excessive force, and he has not been taken to court or charged by indictment or bill of informaiton since his arrest. (Rec. Doc. No. 1, Complaint). He requests monetary compensation and injunctive relief, including his release from jail.

With his complaint, plaintiff submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This motion is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 ("PLRA"), codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Johnson is a frequent filer of civil actions in the federal courts while he was incarcerated. At least three (3) of his prior 25 civil actions in this Court were dismissed as frivolous, malicious, and/or for failure to state a claim: *Johnson v. LeBlanc*, No. 12-1689, 2012 WL 7150485, at *1 (E.D. La. July 10, 2012), *adopted*, 2013 WL 593998, at *1 (E.D. La. Feb. 15, 2013) (dismissed as frivolous); *Johnson v. Jackson*, No. 14-0937, 2014 WL 5040775, at *1 (E.D. La. Sept. 25, 2014) (dismissed with prejudice as frivolous); *Johnson v. Lee*, No. 14-1627, 2014 WL 6612669, at *1 (E.D. La. Nov. 20, 2014) (dismissed with prejudice as frivolous and malicious).  He has therefore accumulated three "strikes" under the PLRA.

Because of this, Johnson cannot proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g).  To establish imminent danger of serious physical injury, the danger must be ongoing and exist at the time of filing the complaint; allegations of past harms or dangers do not suffice.  *Cloud v. Stotts*, 455 F. App'x 534 (5th Cir. 2011); *Banos v. O'Guinn*, 144 F.3d 883, 884 (5th Cir. 1998); *Comeaux v. Broom*, No. 11-CV-110, 2012 WL 4739576 (N.D. Tex. 2012).  Johnson has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury.  Therefore, Johnson is not entitled to proceed *in forma pauperis* under the provisions of § 1915(g).  Accordingly,

**IT IS ORDERED** that Johnson's motion to proceed *in forma pauperis* (Rec. Doc. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana this   27th   day of July, 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**